JS-6
O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL NERI IBARRA CABRERA, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 5:22-cv-00169-MEMF (MARx)<br><br>**ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 25] AND JOINT STIPULATION FOR DISCHARGE AND DISBURSEMENT OF INTERPLEADER FUNDS [ECF NO. 27]** |

　　Before the Court is Plaintiff Hartford Life and Accident Insurance Company's Motion for Default Judgment and Joint Stipulation for Discharge and Disbursement of Interpleader Funds. ECF Nos. 25, 27. On June 16, 2022, the Court held a hearing on the Motion.

　　For the reasons stated herein, the Court grants the Motion for Default Judgment and Joint Stipulation.

/ / /

1

///

# BACKGROUND

## I. Factual Background[1]

Plaintiff Hartford Life and Accident Insurance Company ("Hartford") is a Connecticut corporation with its principal place of business in Connecticut. Compl. ¶ 2. Hartford is authorized to conduct and is lawfully conducting the business of insurance within the State of California, and within this District. *Id.* Hartford filed this action in connection to an employee welfare benefit plan that it issued to decedent, Cynthia Denise Ibarra Cabrera ("Cabrera"). *Id.* ¶ 8.

Cabrera was employed by Gap Inc. and was a participant in an employee welfare benefit plan (the "Plan") eligible for group life insurance benefits. *Id.* ¶ 9. Gap Inc. established and maintained the Plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") that provides eligible participants with group life insurance benefits that were funded in part by a group policy issued by Hartford (the "Policy"). *Id.* ¶ 8. Cabrera designated Defendant Edwin Omar Cordova ("Cordova") as the primary beneficiary of her group life insurance benefits under the Policy. *Id.* ¶ 10. On March 19, 2021, Cabrera died from multiple stab wounds. *Id.* ¶ 11. Cordova was taken into custody and charged with murder. *Id.* He remains in custody for Cabrera's homicide. *Id.* ¶ 12.

Defendant Daniel Neri Ibarra Cabrera, as Administrator of the Estate of Cynthia Denise Ibarra Cabrera, submitted a claim for the life insurance benefits due under the Policy. *Id.* ¶ 13. He informed Hartford that Cabrera did not have a surviving spouse or children, and that her surviving parents are Evangelina Cabrera Hernandez and Felipe Ibarra Juarez. *Id.*

## II. Procedural History

On January 27, 2022, Hartford filed an interpleader action against Defendants Daniel Neri Ibarra Cabrera, Evangelina Cabrera Hernandez, Felipe Ibarra Juarez (collectively, the "Relative Defendants"), and Cordova. *See generally id.* In the Complaint, Hartford seeks relief in the form of

---

[1] Plaintiff Hartford Life and Accident Insurance Company sets forth the following factual allegations in its Complaint. ("Compl."), ECF No. 1.

an order: (1) finding that the Court has jurisdiction over this matter and the parties; (2) restraining the Relative Defendants and Cordova from instituting any action against Hartford for the recovery of the amount of said Policy and/or Plan, or any part thereof; (3) requiring the Relative Defendants and Cordova to interplead and settle among themselves their respective rights to the proceeds under the Policy and/or Plan; (4) discharging Hartford from all liability to the Relative Defendants and Cordova under said Policy and/or Plan; (5) awarding Hartford its reasonable costs and attorneys' fees incurred in connection with this interpleader action, with such sums to be paid out of the amount deposited by Hartford with this Court[2]; and (6) dismissing Hartford with prejudice from this action. Compl. at Prayer.

The Relative Defendants filed waivers of service of summons. ECF Nos. 12, 15, 16. On May 11, 2022, the Relative Defendants and Hartford jointly filed a stipulation for discharge and disbursement of the interpleader funds. ("Stip."), ECF 27.

On February 23, 2022, Hartford filed a proof of service of the summons and Complaint on Cordova. ECF No. 13. On March 15, 2022, Hartford filed a Request for the Clerk to enter default against Cordova, which was granted on March 16, 2022, pursuant to Federal Rule of Civil Procedure 55(a). ECF Nos. 20, 21. On May 11, 2022, Hartford filed the instant Motion requesting default judgment. ("Mot."), ECF No. 25. On May 24, 2022, the Court ordered Hartford to provide notice to Cordova of the June 16, 2022 hearing on this Motion and to file a proof of service indicating the date, time, and manner of service no later than June 9, 2022. ECF No. 29. On May 27, 2022, Hartford filed the Court's requested proof of service. ECF No. 30. On June 16, 2022, the Court heard oral argument on the Motion. Cordova did not appear at the June 16, 2022 hearing.

**III.     Legal Standard**

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk of the Court enters default under Rule 55(a). Local Rule 55-1 requires the party seeking default judgment to file a declaration establishing: (1) when and against what party the

---

[2] The Court notes that Hartford attempted to deposit the proceeds plus interest with the Court, which did not accept the deposit absent a court order. Mot. at 5 n.1. The Court instructs Hartford to deposit the proceeds following this Order.

default was entered; (2) the pleading on which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other like fiduciary who has appeared; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice. C.D. CAL. L.R. 55-1.

Once default has been entered, the factual allegations in the complaint, except those concerning damages, are deemed admitted by the non-responding party. *See* FED. R. CIV. PROC. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, default judgment is not automatic upon the Clerk's entry of default; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092–93 (9th Cir. 1980). When deciding whether to enter default judgment, courts consider seven factors, commonly known as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. Discussion

### A. The Court Has Subject Matter Jurisdiction Over This Action

A party seeking to bring a federal interpleader action under Federal Rule of Civil Procedure 22 must establish statutory jurisdiction. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000). Here, the Court has original jurisdiction over this matter because Hartford seeks equitable relief under ERISA. *See* 29 U.S.C. § 1132(a)(3)(B)(ii), (e)(1); 28 U.S.C. § 1331; *see also Bayona*, 223 F.3d at 1033.

### B. The Court Has Personal Jurisdiction Over All Defendants

The Court also concludes that it has personal jurisdiction over Cordova. ERISA provides that "where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Hartford alleges that Defendant Daniel Neri Ibarra

Cabrera, Evangelina Cabrera, and Cordova are all citizens of the State of California and reside in the County of Riverside, California. Compl. ¶ 6. Hartford further alleges that Defendant Felipe Ibarra Juarez is a citizen of the State of California and resides in the County of San Diego, California. Because all Defendants reside in California, the Court finds that it may exercise jurisdiction over this matter and the parties.

### C. Hartford Has Satisfied the Procedural Requirements of Local Rule 55-1

On March 16, 2022, the Clerk of the Court entered default against Cordova. ECF No. 21. Cordova has not responded to the Complaint or otherwise defended the action. Pursuant to Local Rule 55-1, Hartford submitted a declaration from counsel establishing that Cordova is not a corporate entity and not a minor, infant, or otherwise incompetent person, and that the Servicemembers Civil Relief Act does not apply. Declaration of Keiko K. Kojima ("Kojima Decl."), ECF No. 25-1 ¶ 13. Finally, Hartford served Cordova with a copy of this Motion. ECF 30. As such, the Court finds Hartford has complied with the procedural requirements of Local Rule 55-1.

### D. The *Eitel* Factors Weigh In Favor of Granting Default Judgment

#### i. Hartford Would Suffer Prejudice Without a Default Judgment

The first *Eitel* factor requires the Court to consider the harm to a plaintiff in the absence of default judgment. *See Eitel*, 782 F.2d at 1471–72.

The first *Eitel* factor weighs in favor of granting Hartford's Motion. Hartford filed proof of service of the summons and Complaint on Cordova on February 23, 2022. ECF No. 13. He has not answered the Complaint or otherwise appeared in this action. In view of his default, Hartford has no alternative means by which to resolve its potential claim regarding Cabrera's Policy and Plan.

Furthermore, Hartford alleges that if it is determined that Cordova is disqualified from receipt of the life insurance proceeds due under the Policy pursuant to California Probate Code section 252 or other applicable law, and Hartford had released the insurance proceeds to Cordova then Hartford would be exposed to duplicate and/or multiple liability under the Policy. Compl. ¶ 15. Taking the factual allegations as true—as this Court must, given that the Clerk has entered default—Hartford will be prejudiced if the Court does not grant default judgment. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### ii. Hartford Has Demonstrated the Merits of Its Claims and Sufficiency of the Complaint

The second and third *Eitel* factors consider the substantive merits and sufficiency of the complaint. *See Eitel*, 782 F.2d at 1471–72. Notwithstanding the entry of default, the Court must still determine if the facts alleged give rise to a legitimate cause of action because "claims [that] are legally insufficient . . . are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Hartford maintains it is entitled to default judgment and the relief requested in its Complaint. Mot. at 7–8.

An interpleader action serves two purposes: (1) protecting the stakeholder from problems caused by multiple claimants to a single fund; and (2) limiting litigation expenses. *See Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). Hartford asserts that because multiple parties could be entitled to the insurance proceeds, it cannot distribute the proceeds without exposing itself to liability or litigation. Mot. at 9; Compl. ¶ 15. Exposure to multiple claims for the proceeds of any ERISA benefit plan is a type of action for which interpleader is appropriate. *See Trs. of the Dirs. Guild of America-Producer Pension Benefits Plan v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) ("Interpleader is a valuable procedural device for ERISA plans who are confronted with conflicting multiple claims upon the proceeds of an individual's benefit plan . . . Interpleader provides a way out of this quandary, allowing the plan to petition the court to sort out the conflicting claims."). The Court finds that Hartford has properly stated a claim for interpleader and the Stipulation properly protects the claims of the Relative Defendants. Accordingly, these factors weigh in favor of the entry of default judgment.

### iii. The Sum of Money at Stake Is a Neutral Factor

In evaluating this factor, the Court must balance the amount of money at stake in relation to the seriousness of Defendant's conduct. *See Eitel*, 782 F.2d at 1471–72. Generally, default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct. *See, e.g., Kong v. Pulido,* 2019 WL 1751843, at *2 (C.D. Cal. Mar. 18, 2019).

Here, Hartford does not assert a claim to the funds, and is instead attempting to distribute the funds to the Relative Defendants entitled to the Policy benefits. Because Hartford is not asserting an

interest in the interpleaded funds, nor seeking damages, the sum of money at stake is not dispositive. Thus, this factor weighs neither in favor nor against the entry of default judgment.

### iv. There is Little Possibility of Dispute

The fifth *Eitel* factor requires the Court to consider the possibility of dispute about material facts in the case. *See Eitel*, 782 F.2d at 1471–72. Generally, where a complaint is well-pleaded and the Cordova make no effort to respond, this favor weighs in favor of default judgment.

While Cordova has not responded to the action, there is no indication from the Complaint nor Hartford's motion that there are any facts in dispute. Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917–18. Having considered the low likelihood of disputed facts, the Court finds this factor to weigh in favor of default judgment.

### v. There is Little Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *See Eitel*, 782 F.2d at 1472.

Here, Hartford alleges it has made numerous attempts to serve Cordova with the Complaint, summons, and this motion for default judgment. *See* supra Section II. Absent any further information, the Court is unable to conclude whether Cordova's failure to respond is due to excusable neglect.

### vi. Policy Concerns Favor Resolution on the Merits

The Ninth Circuit's "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Therefore, the policy favoring resolution on the merits weighs against granting default judgment.

Based on the *Eitel* factors as whole, the Court finds in favor of granting default judgment against Cordova.

**V.     The Court Grants Hartford's Request for Equitable Relief**

Hartford also seeks to be discharged from liability under the Policy and/or Plan and dismissed from this action with prejudice. Mot at 8–9. Under 28 U.S.C. § 2361, in "any civil action

of interpleader," a district court may "issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding," "discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment. Courts have found discharge proper where the interpleading plaintiff has no interest in the disputed funds. *See e.g.*, *Conn. Gen. Life Ins. Co. v. Rapoza*, No. C06-7427 TEH, 2007 WL 2141266, at *2 (N.D. Cal. July 25, 2007); *Sun Life Assur. Co. of Canada v. Chan's Estate*, No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003).

As discussed above, Hartford has properly shown that it is entitled to interpleader. Further, Hartford does not contest its liability under the Policy and/or plan nor claim any entitlement to the proceeds. Indeed, on May 11, 2022, Hartford and the Relative Defendants jointly filed a Stipulation with the Court requesting that Hartford "be discharged from any liability to Defendants to the full extent permitted by law." Stip. ¶ 2. Therefore, Hartford has met its burden as a disinterested stakeholder, and the Court discharges Hartford from any further liability under the Plan and/or Policy and dismiss it from the present action with prejudice.

### VI.    The Court Grants Hartford's Request for Attorneys' Fees and Costs

Hartford requests that the Court award attorneys' fees and costs in the amount of $5,500.00. Mot. at 9–10. "[C]ourts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir.1984). "[T]he proper rule . . . in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir.1962). The court has broad discretion to award attorneys' fees and costs: (1) against the losing claimants as costs to such claimants, (2) from the fund payable to the winning claimants, or (3) by dividing the fees among the claimants. *Schirmer*, 306 F.2d at 195. "In an interpleader action, the broad rule is reasonableness." *Trs. of Dirs. Guild*, 234 F.3d at 426.

In support of its request, Hartford described the work performed by counsel to include: drafting the interpleader complaint, locating the defendants and serving the complaint, corresponding and communicating with the remaining defendants in this action regarding

8

information requests, court filings, preparing the stipulation for fund disbursement, and the instant Motion. Kojima Decl. ¶ 4. Furthermore, the Relative Defendants stipulated to an attorneys' fees award of $5,500.00 to be retained by Hartford from the insurance proceeds payable due to the death of Cabrera. Stip. ¶ 4. The Court finds that Hartford's request for attorneys' fees and costs is reasonable in light of the work described and the Stipulation entered into by the parties.

For these reasons, the Court grants Hartford's request for attorneys' fees and costs in the amount of $5,500.00.

### VII. Conclusion

For the reasons stated above, the Court GRANTS Hartford's Motion for Default Judgment and Joint Stipulation and ORDERS as follows:

1. The Court finds that it has jurisdiction over this matter and the parties;
2. All Defendants shall be restrained from taking, or proceeding with or commencing any action against Hartford or its present, former, and future officers, directors, shareholders, employers, employees, parents, subsidiaries, affiliates, reinsurers, insurers, administrators, agents, predecessors, successors, attorneys and assigns, for or on account of any transaction, matter, happening or thing in any way arising out of or relating to the rights and obligations of the parties with respect to the Policy and/or the Plan, and/or with respect to benefits due under the Policy and/or the Plan.
3. All Defendants are required to interplead and settle among themselves their respective rights to the proceeds under the Policy and/or Plan;
4. Hartford is discharged from all liability to Defendants under said Policy and/or Plan, or otherwise;
5. Hartford is dismissed with prejudice from this action;
6. Hartford shall deposit the proceeds in the amount of $42,500.00, plus interest with the Court;
7. Hartford shall be awarded its attorneys' fees and costs in the amount of $5,500.00 to be retained by Hartford from the insurance proceeds payable due to the death of Cabrera;

8. Following the $5,500 award in attorneys' fees to Hartford, the remaining funds, plus any accrued interest, shall be payable by Hartford to Evangelina Cabrera Hernandez and Felipe Ibarra Juarez in equal 50%/50% shares;

9. Daniel Neri Ibarra Cabrera, Administrator of The Estate of Cynthia Denise Ibarra Cabrera, does not seek entitlement to the insurance proceeds individually and stipulates to the 50%/50% shares distributed to Evangelina Cabrera Hernandez and Felipe Ibarra Juarez; and

10. This action shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 21, 2022

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge